1
2
3
4
5
6
7
8                  **UNITED STATES DISTRICT COURT**

9                  **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   LUIS SANDOVAL,                          Case No.: 18cv1459 GPC (JLB)

12                            Petitioner,
                                             **ORDER (1) DENYING IN FORMA**
13   v.                                      **PAUPERIS APPLICATION AND (2)**
                                             **DISMISSING CASE WITHOUT**
14   SAN DIEGO COUNTY SHERIFF                **PREJUDICE**
     DEPARTMENT,
15

16                            Respondent.

17

18       Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas

19   Corpus pursuant to 28 U.S.C. § 2254 along with an application to proceed in forma

20   pauperis.

21             **REQUEST TO PROCEED IN FORMA PAUPERIS**

22       The request to proceed in forma pauperis is denied because Petitioner has not

23   provided the Court with sufficient information to determine Petitioner's financial status.

24   A request to proceed in forma pauperis made by a state prisoner must include a certificate

25   from the warden or other appropriate officer showing the amount of money or securities

26   Petitioner has on account in the institution.  Rule 3(a)(2), 28 U.S.C. foll. § 2254; Local

27   Rule 3.2.  Petitioner has failed to provide the Court with the required Prison Certificate.

28   / / /

## FAILURE TO STATE A COGNIZABLE CLAIM

Further, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added). *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986).  Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States."  *See* 28 U.S.C. § 2254(a).

Here, the Petition is largely illegible and lacks coherence.  Petitioner fails to clearly assert that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254.  While courts should liberally interpret pro se pleadings with leniency and understanding, this should not place on the reviewing court the entire onus of ferreting out grounds for relief.  *Cf. Burkey v. Deeds*, 824 F. Supp. 190, 193 (D. Nev. 1993) (finding that courts do not have entire onus of creating federal claim for petitioner).

Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition "shall set forth in summary form the facts supporting each of the grounds . . . specified [in the petition]."  Rule 2(c), 28 U.S.C. foll. § 2254.  *See also Boehme v. Maxwell*, 423 F.2d 1056, 1058 (9th Cir. 1970) (trial court's dismissal of federal habeas proceeding affirmed where petitioner made conclusory allegations instead of factual allegations showing that

18cv1459 GPC (JLB)

1 he was entitled to relief). In order to satisfy Rule 2(c), Petitioner must point to a "real

2 possibility of constitutional error.*" Cf. Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977)

3 (internal quotation marks omitted). Facts must be stated, *in the petition*, with sufficient

4 detail to enable the Court to determine, from the face of the petition, whether further

5 habeas corpus review is warranted. *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir.

6 1990) (emphasis added). Moreover, the allegations should be sufficiently specific to

7 permit the respondent to assert appropriate objections and defenses. *Harris v. Allen*, 739

8 F. Supp. 564, 565 (W.D. Okla. 1989). Here, the lack of specific grounds for relief in the

9 Petition prevents the Respondent from being able to assert appropriate objections and

10 defenses.

11      Due to Petitioner's unsatisfactory showing, the Court dismisses the action without

12 prejudice.[1] Should Petitioner decide to file a new petition, he is advised to *clearly and*

13 *succinctly* state all grounds for relief using the First Amended Petition form sent to

14 Petitioner with this order.

15      **FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

16      In addition, habeas petitioners who wish to challenge either their state court

17 conviction or the length of their confinement in state prison, must first exhaust state

18 judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34

19 (1987). To exhaust state judicial remedies, a California state prisoner must present the

20 California Supreme Court with a fair opportunity to rule on the merits of every issue

21 raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481

22 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must

23 allege, in state court, how one or more of his or her federal rights have been violated.

24 The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts

25 are to be given the opportunity to correct alleged violations of prisoners' federal rights,

26

27

28 [1] Petitioner has also filed four additional documents which, like the Petition, are largely illegible, rambling and incomprehensible. (*See* ECF Nos. 4, 6, 8, 10.)

they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id*. at 365-66. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *Id*. at 366.

Nowhere on the Petition does Petitioner allege that he raised his claims in the California Supreme Court. In fact, he specifically indicates he did not seek such review. (*See* Pet. at 6.) If Petitioner has raised his claims in the California Supreme Court he must so specify. "The burden of proving that a claim has been exhausted lies with the petitioner." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *see Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Oyler v. Allenbrand*, 23 F.3d 292, 300 (10th Cir. 1994); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D) (West 2006).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

## FAILURE TO NAME A PROPER RESPONDENT

Further, review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of

the petitioner (for example, the warden of the prison).'" *Id*. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

Here, Petitioner has incorrectly named "San Diego County Sheriff Department," as Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the individual in charge of the state correctional facility or county jail in which Petitioner is presently confined. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## CONCLUSION

Accordingly, the Court **DENIES** the request to proceed in forma pauperis, and **DISMISSES** the case without prejudice, with leave to amend. To have the case reopened, Petitioner must, no later than **September 14, 2018**: (1) pay the filing fee or provide adequate proof of his inability to pay **and** (2) file a First Amended Petition which cures the pleading deficiencies outlined above. For Petitioner's convenience, the Clerk of Court shall attach to this Order blank Southern District in forma pauperis form, which includes the required Prison Certificate, and a blank, court-approved habeas form petition.

**IT IS SO ORDERED.**

Dated: July 18, 2018

Hon. Gonzalo P. Curiel
United States District Judge

18cv1459 GPC (JLB)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

7

18cv1459 GPC (JLB)