UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS SANDOVAL,<br><br>                          Petitioner,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF DEPARTMENT AND WILLIAM GORE,<br><br>                          Respondents. | Case No.: 18cv1459-GPC(JLB)<br><br>**ORDER REJECTING DOCUMENT AND GRANTING PETITIONER A FINAL OPPORTUNITY TO FILE AN AMENDED PETITION** |

On June 26, 2018, Petitioner Luis Sandoval, proceeding *pro se*, filed a petition for writ of habeas corpus and a motion for leave to proceed *in forma pauperis*. (Dkt. Nos. 1, 2.) On July 12, 2018, Petitioner filed three hand-written, single spaced, mostly illegible letters. (Dkt. Nos. 4, 6, 8.) On July 13, 2018, Petitioner also filed what the Court construed as a Supplemental to Petition which is also illegible. (Dkt. No. 10.) On July 18, 2018, after a review of these documents, the Court denied Petitioner's *in forma pauperis* application and dismissed the petition without prejudice. (Dkt. No. 11.) The Court explained Petitioner had failed to provide the required Prison Certificate as part of his request to proceed *in forma pauperis*. (Id. at 1.) Next, the Court noted that Petitioner is "largely illegible and lacks coherence" and failed to assert that he is "in custody in violation of the Constitution or law or treaties of the United States. 28 U.S.C. 2254." (Id.

1

at 2.) Finally, the Court noted that Petitioner failed to allege exhaustion of state judicial remedies. (Id. at 3-5.)

Since then, Petitioner has continuously sent letters to the Court that have been rejected with a Notice of Document Discrepancy indicating that the documents are illegible pursuant to Civil Local Rule 5.3, that the case was dismissed on July 18, 2018, and to reopen the case, Petitioner must pay the filing fee or provide adequate proof of his inability to pay and file a first amended petition. (Dkt. Nos. 12, 13.) Additional illegible letters were rejected by the Court. (Dkt. Nos. 14, 15, 16, 17.)

On August 23, 2018, the Court issued an order rejecting a document Petitioner attempted to file because it was again illegible and did not correct the deficiencies the Court noted in its order of July 18, 2018. (Dkt. Nos. 18, 18-1.) The Court explained that "[i]n order to reopen the case, Petitioner **MUST** provide a **legible** first amended petition, with the required Prison Certificate if he seeks to proceed *in forma pauperis*, allege he is "in custody in violation of the Constitution or law or treaties of the United States" with supporting facts, and properly allege exhaustion of state remedies as explained in the Court's July 18, 2018 order." (Dkt. No. 18 at 2.) The Court also directed the Clerk of Court to mail another blank Prisoner Packet together with a copy of the Order and a copy of the Court's July 18, 2018 order detailing the deficiencies in his petition. (Id.) The Court directed that Petitioner file an "Amended Petition curing the deficiencies noted in the Court's July 18, 2018 order no later than **September 28, 2018**." (Id.) Petitioner was also advised that **"if he fails to comply with the Court's order this action may be subject to dismissal for failure to prosecute and failure to comply with the Court's order**. (Id. (emphasis in original).)

Since the Court's order of August 23, 2018, Petitioner has not filed an Amended Petition curing the deficiencies as required by the deadline of September 28, 2018. Instead, Petitioner continues to submit documents that are completely illegible. (Dkt. Nos. 19, 19-1.) The Court is also in possession of two additional documents that are

wholly illegible and do not cure the deficiencies in his Petition. Accordingly, the Court REJECTS these documents as illegible.

District courts have the inherent power to control their dockets and in exercising that power, they may impose sanctions which includes dismissal of the case. Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (citing Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829 (1986)). The Federal Rules of Civil Procedure ("Rule") provides for dismissal of a case for a party's failure to comply with a court order. Rule 41(b) allows the district court to dismiss an action for failing to comply with a court order. Ferdik, 963 at 1260; Fed. R. Civ. P. 41(b). Local Civil Rule 41.1 provides for dismissal of a case for lack of prosecution. CivLR 41.1

Petitioner has failed to timely file an Amended Petition and continuously attempts to file documents that are illegible despite the Court's admonition. Therefore, the Court GRANTS Petitioner one final opportunity to file an Amended Petition on or before **November 3, 2018**. The Court warns Petitioner that failure to timely file an Amended Petition by November 3, 2018, **WILL BE CONSTRUED AS EITHER HIS CONSENT TO DISMISSAL OF THE ACTION FOR FAILURE TO PROSECUTE OR FAILURE TO COMPLY WITH A COURT ORDER WARRANTING DISMISSAL OF THE ACTION WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 41(b).**

IT IS SO ORDERED.

Dated: October 11, 2018

Hon. Gonzalo P. Curiel
United States District Judge